**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IGOR FERREIRA MACHADO,

      Plaintiff,

  v.

EQUIFAX INFORMATION
SERVICES LLC and SANTANDER
BANK, N.A.,

      Defendants.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, IGOR FERREIRA MACHADO (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") and SANTANDER BANK, N.A. (hereinafter "Santander") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICATION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Orange County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Santander is a corporation with its principal place of business in the State of Delaware and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14.     Santander is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

15.     Santander furnished Plaintiff's information to the CRAs, including but not limited to Equifax, which was inaccurate.

## FACTUAL ALLEGATIONS

16.     Plaintiff is alleged to owe a debt to Santander, account number ending x9671 (hereinafter "Santander Account"). Plaintiff does not have a Santander account, nor has he ever applied or given permission to anyone to apply using his information for an account with Santander.

17.     On or about July 17, 2023, Plaintiff received an alert from Credit Karma about a new account. However, Plaintiff had not recently applied for or opened any credit accounts or loans.

18.     Upon review of his Credit Karma account, Plaintiff observed a new credit card account with Santander that was opened on May 31, 2023.

19.     Shortly thereafter, believing he was a victim of identity theft, Plaintiff contacted Equifax to place a security alert on his credit report which appeared on Plaintiff's Equifax credit report dated August 21, 2023:

| Credit File Status | Security Freeze in Place |
|---|---|
| | Fraud Victim "Initial Alert" |

20.     On or about August 22, 2023, Plaintiff filed a Federal Trade Commission Identity Theft Report. In this Report, he explained that he is a victim of identity theft and that the Santander Account was opened under his name and listed in his credit reports.

21.     On or about October 9, 2023, Plaintiff obtained a copy of his Equifax credit report. Upon review, Plaintiff observed the Santander Account was being reported with a status of "not more than two payments past due" and a balance of $4,643 with $121 past due.

22.     Due to the inaccurate reporting, on or about October 20, 2023, Plaintiff mailed a detailed written dispute letter to Equifax. Plaintiff explained that he believed he was a victim of identity theft and that the Santander Account was not his and did not belong to him. Plaintiff included an image of his driver's license and

Social Security card to confirm his identity. Plaintiff also included images of the erroneous credit reporting and images of his filed Federal Trade Commission Identity Theft Report, number 163117703.

23.   Plaintiff mailed his detailed dispute letter to Equifax via USPS Certified Mail, tracking number 9589 0710 5270 0933 1526 68.

24.   On or about October 26, 2023, Equifax responded to Plaintiff's dispute letter by stating his request for a security block was denied but that his dispute was being sent to Santander.

25.   On or about November 9, 2023, Plaintiff received dispute results from Equifax which stated the Santander Account was verified as accurate and would remain on his credit report.

26.   Despite providing Equifax with all the relevant information needed to prove the Santander Account was fraudulent and unauthorized, Equifax continued to report the inaccurate account.

27.   Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Santander.

28.   Equifax never attempted to contact Plaintiff during the alleged investigation.

29.    Upon information and belief, Equifax notified Santander of Plaintiff's dispute. However, Santander failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

30.    On or about November 27, 2023, Plaintiff obtained an updated copy of his Equifax credit report. Upon review, Plaintiff was baffled that the Santander Account continued to be reported, but now with a status of "pays as agreed" with a payment having been made in September 2023. Plaintiff did not make this payment.

31.    Due to the continued inaccurate reporting, on or about December 21, 2023, Plaintiff mailed a second dispute letter to Equifax regarding the fraudulent Santander Account. Plaintiff reiterated the Santander Account was not his and did not belong to him. Plaintiff again included an image of his driver's license and Social Security to confirm his identity. Plaintiff also included images of the erroneous credit reporting, images of his filed Federal Trade Commission Identity Theft Report, number 163117703, and other supporting documents.

32.    Plaintiff mailed his detailed dispute letter to Equifax via USPS Express Mail, tracking number EI543180802US.

33.     Although Plaintiff has confirmation of delivery on December 23, 2023, as of the filing of this Complaint, Plaintiff has not received dispute results in the mail from Equifax regarding his most recent dispute.

34.     Equifax has never attempted to contact Plaintiff about his disputes and has refused to conduct a meaningful and thorough investigation into his disputes as it is required to by law or otherwise make his credit file accurate.

35.     Despite Plaintiff's best efforts, Equifax continued to report the inaccurate and fraudulent Santander Account on Plaintiff's credit report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

36.     Equifax simply continued to parrot off the back of Santander and has not conducted an actual investigation despite Plaintiff's pleas.

37.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

38.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.     Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

    iv.    Reduction in credit score; and

    v.    Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score.

### CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

39.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

40.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

41.    Equifax allowed for Furnisher(s) to report inaccurate information on an account.

42.    Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

43.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

44.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

45.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

46.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, IGOR FERREIRA MACHADO, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

47.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

48.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49.     Equifax allowed for Furnisher(s) to report inaccurate information on an account.

50.     Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

51.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

52.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

53.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

54.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, IGOR FERREIRA MACHADO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **COUNT III**
### **Violation of 15 U.S.C. § 1681i as to**
### **Defendant, Equifax Information Services LLC (Negligent)**

55.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

56.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

57.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

58.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

59.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

60.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, IGOR FERREIRA MACHADO, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

61.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

62.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

63.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

64.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

65.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

66.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, IGOR FERREIRA MACHADO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and

severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT V**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Santander Bank, N.A. (Negligent)**

67.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

68.     Santander furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

69.     After receiving Plaintiff's disputes, Santander violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Equifax; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

70.     Plaintiff provided all the relevant information and documents necessary for Santander to have identified that the account was fraudulent.

71.     Santander did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient

evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Santander by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

72.     Santander violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax after it had been notified that the information it was furnishing was inaccurate.

73.     As a direct result of this conduct, action, and/or inaction of Santander, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

74.     The conduct, action, and inaction of Santander was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

75.     Plaintiff is entitled to recover costs and attorney's fees from Santander in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, IGOR FERREIRA MACHADO, respectfully requests that this Court award actual damages against Defendant, SANTANDER BANK, N.A., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VI**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Santander Bank, N.A. (Willful)**

76.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

77.     Santander furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

78.     After receiving Plaintiff's disputes, Santander violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Equifax; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

79.     Plaintiff provided all the relevant information and documents necessary for Santander to have identified that the account was fraudulent.

80.     Santander did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Santander by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

81.     Santander violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax after it had been notified that the information it was furnishing was inaccurate.

82.     As a direct result of this conduct, action, and/or inaction of Santander, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

83.     The conduct, action, and inaction of Santander was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

84.     Plaintiff is entitled to recover costs and attorney's fees from Santander in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, IGOR FERREIRA MACHADO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, SANTANDER BANK, N.A., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, IGOR FERREIRA MACHADO, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC and SANTANDER BANK, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 11th day of January 2024.

Respectfully Submitted,

**/s/ Frank H. Kerney, III, Esq.**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

**/s/ Octavio Gomez**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*